Submitted on briefs at Pendleton October 28, affirmed December 10, 1918.

## TEMPLE *v.* HARRINGTON.*

### (176 Pac. 430.)

**Contracts—Construction—Separate Instrument.**

1. Where two instruments are executed at the same time between the same parties, covering the same subject matter, they will be construed together as constituting one agreement.

**Dower—Purchase-money Mortgages—Statutes.**

2. Where a husband purchased land, at which time he received a deed and executed a mortgage in an amount equal to the unpaid portion of the purchase price, the two will be construed together, and the mortgage will be construed to be a purchase-money mortgage, under Section 7289, L. O. L., and wife will not be entitled to dower as against mortgagee.

**Mortgages—Construction.**

3. A note and a mortgage given to secure it will be construed together as one instrument.

**Husband and Wife—Attorney in Fact.**

4. Where a husband signs a mortgage personally, the signing of his name again after the name of his wife would have the legal

---

*For authorities discussing the question as to dower rights in purchase-money mortgage, see note in 40 L. R. A. (N. S.) 274.

REPORTER.

effect of being the signature of the wife by the husband, as her attorney in fact, especially where the note is so signed.

**Alteration of Instruments—Immaterial Alterations.**

5. An alteration which does not change the legal effect, of an instrument is not a material alteration and does not invalidate the same.

**Alteration of Instruments—Alterations Prior to Signature.**

6. Any change made in an instrument before signatures are affixed is not an alteration, it being presumed that such changes are authorized.

**Alteration of Instruments—Immaterial Alterations.**

7. The expression in a note, "8 per cent per annum from annum until paid," is of the same legal effect as if read, "8 per cent per annum from —— until paid," and hence changing the word "annum" to the word "date" was not a material alteration, under Section 5850, L. O. L.

> [As to material alteration of note as affecting mortgage security, see note in Ann. Cas. 1913E, 317.]

From Union: John W. Knowles, Judge.

In Banc.

This is a suit to foreclose a real estate mortgage. On January 25, 1913, defendant Kate Willcox Harrington executed a power of attorney to her husband, defendant George H. Harrington, containing the following grant of power:

" * * For me and in my name and for my use and benefit to demand, sue for, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever as are now or shall hereafter become due, owing, payable or belonging to me, and have, use and take all lawful ways and means in my name or otherwise for the recovery thereof, by attachment, arrest or otherwise, and to compromise and agree for the same, and discharge for the same for me, and in my name. To make and deliver, contract for, purchase, receive and take lands, tenements, hereditaments, and accept the seisin, and possession of all lands and all debts and other assurances in the law therefor, and to lease, let, sell, release, convey, mortgage and hypothecate lands, tenements and hereditaments upon such

terms and conditions and under such covenants, as he may think fit, and to bargain for, buy and sell, mortgage, hypothecate, and in any and every way and manner, deal in and with goods, merchandise, choses in action, and other property in possession or in action, and to do every kind of business of what nature or kind soever, and also for me and in my name and as my act and deed to sign, seal, execute, deliver, and acknowledge such deeds, leases and assignments of leases, covenants, indentures, agreements, mortgages, hypothecations, bottomries, charter-parties, bills of lading, bills, bonds, notes, receipts, evidences of debt, releases and satisfaction of mortgages, judgments and other debts, and such other instruments in writing of whatsoever kind and nature that may be necessary.

"Giving unto my said attorney full power to perform every act and thing which he may think necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, hereby ratifying and confirming all that my said Attorney shall lawfully do, or cause to be done, by virtue of these presents."

On the 27th day of January, 1913, at North Yakima, Wash., defendant George H. Harrington received a deed from John Powel to Lots 14, 15, 16 and 17, Block 116, in Chaplin's Addition to the town of La Grande, Union County, Oregon, and simultaneously therewith executed a note and mortgage for eight thousand ($8,000) dollars to John Powel covering the same property. In signing the note defendant George H. Harrington signed his own name and the name of Kate Willcox Harrington by "George H. Harrington, her attorney in fact." In signing the mortgage George H. Harrington signed his name, and the name of Kate Willcox Harrington was affixed thereto presumably by the notary, as an inspection of the mortgage would indicate that it was written in the same handwriting, and underneath her name the name of George H. Har-

rington was written. In this form the mortgage was recorded on February 7, 1913, at La Grande, Oregon. Sometime thereafter, by whom or at what date does not appear from the evidence, the words "by here Atty. in Fact" were added underneath the name of George H. Harrington on the mortgage itself. The note is in the usual form, and in the blank space where the time should be inserted to start the running of the interest, the word "annum" is written so it reads "at the rate of 8 per cent per annum until paid." The space in the mortgage, where the word should be written to fix the time from which interest should run, shows an erasure and the word "date" typewritten therein. Several interest payments were made on this note, at least two of them being made by defendant Kate Willcox Harrington. The premises covered by the mortgage were leased by defendants George H. Harrington and Kate Willcox Harrington to defendant W. G. Sawyer. The mortgage in question was assigned by John Powel to J. F. Temple who, upon default in the payment of the interest and insurance on the buildings, brought suit for foreclosure.

Defendant W. G. Sawyer, tenant in possession, made no appearance, and defendants George H. Harrington and Kate Willcox Harrington answered separately. The latter set up that the power of attorney given by her to her husband two days before the execution of the mortgage was not sufficient to bar her dower interest in said property, nor to bind her on the note accompanying the mortgage. George H. Harrington set up that said mortgage had been altered and thereby rendered invalid, and that the providing for 12 per cent per annum interest on certain delinquencies in interest and insurance made said note and mortgage usurious. The lower court found against these conten-

tions and entered a decree against both of said defendants for the amount of the note, interest and insurance paid by plaintiff, and ordered a foreclosure of the mortgage. Defendants George H. Harrington and Kate Willcox Harrington appeal. After said appeal was taken J. F. Temple died and by order of this court Isaiah Ulysses Temple and Ernest Monroe Temple, executors of the estate of J. F. Temple, were substituted as plaintiffs.     AFFIRMED.

For appellants there was a brief submitted over the name of *Mr. D. W. Bailey.*

For respondents there was a brief prepared and submitted by *Mr. John S. Hodgin* and *Mr. James B. Perry.*

OLSON, J.—The only points raised by appellants in their brief are, first, that the power of attorney executed by Kate Willcox Harrington to her husband, George H. Harrington, is not sufficient to authorize said George H. Harrington either to sign a note for said Kate Willcox Harrington, or to bar a dower interest by signing a mortgage for her. Second, that the alterations made in the mortgage invalidated the same. Third, that if the power of attorney does not authorize George H. Harrington to sign the note as and for Kate Willcox Harrington, the note being joint and invalid as to one party would be invalid as to both.

An examination of the power of attorney seems to indicate that it is a general power of attorney and contains therein a specific authorization to ''and also for me and in my name and as my act and deed to sign, seal, execute and deliver, * * notes, evidences of debt * * .'' The signature affixed to the note is in due and proper form, and the power of attorney seems to give ample authority for the execution of the note.

1, 2. As to whether said power of attorney is sufficient, however, to bar the dower right of Kate Willcox Harrington is a question unnecessary to a decision of this case. It appears on January 27, 1913, John Powel deeded the property in question to George H. Harrington, and immediately thereafter a mortgage was executed to John Powel covering the same property. Where two instruments are executed at the same time between the same parties and covering the same subject matter, they will be construed together as constituting one agreement: *Dean* v. *Lawham,* 7 Or. 422; *Kruse* v. *Prindle,* 8 Or. 158; *Bradtfeldt* v. *Cooke,* 27 Or. 194, 203 (40 Pac. 1, 50 Am. St. Rep. 701). Considering the deed and mortgage together as one instrument it is apparent that said mortgage is a purchase money mortgage. This is further borne out by the fact that the mortgage itself does not recite that any money was paid by the mortgagee to the mortgagors as a consideration therefor, as is the custom in a straight loan, but recites that "mortgagors herein do hereby mortgage to John Powel, mortgagee herein, to secure the payment of Eight Thousand ($8,000) Dollars, etc." This being a purchase-money mortgage, it is covered by Section 7289, L. O. L., which provides:

"When a husband shall purchase lands during coverture, and shall at the same time mortgage his estate in such lands to secure the payment of the purchase money, his widow shall not be entitled to dower out of such lands as against the mortgagee or those claiming under him, although she shall not have united in such mortgage; but she shall be entitled to dower as against all other persons."

Kate Willcox Harrington, therefore, not being entitled to dower as against this mortgagee and those claiming under him, it is immaterial whether the power of attorney is broad enough to authorize the barring

of her dower, and the decree was properly entered in the lower court barring her dower as far as the interests of the assignee of the Powel mortgage were concerned.

3–5. The question remaining to be settled is that of the alleged alterations in the mortgage. The addition of the words "by here Atty. in Fact" under the name of George H. Harrington signed after the name of Kate Willcox Harrington is not a material alteration, and therefore will not invalidate the mortgage. In the first place, under the decisions of this court the note and mortgage are construed together as one instrument and the execution of the note by George H. Harrington as the attorney in fact of Kate Willcox Harrington is entirely regular. The placing of the signature of George H. Harrington after that of Kate Willcox Harrington upon an instrument which said George H. Harrington had signed personally, would have the legal effect of being the signature of Kate Willcox Harrington by George H. Harrington, her attorney in fact, especially in view of the fact that the note accompanying said mortgage is properly executed and sufficiently indicates the intent of the parties. An alteration that does not change the legal effect is not a material alteration and does not invalidate the instrument.

6, 7. The other alteration, the putting of the word "date" over some other word erased, presumably the word "annum" as shown upon the note, is not a change that would invalidate the instrument. An examination of the original mortgage discloses the fact that the word "date" is written by the same typewriter as was used to fill in the other blanks in the mortgage, in that certain peculiarities of the blurring of certain letters are reproduced in the word "date." Any change made in an instrument before the signatures are affixed is

not an alteration within the meaning of the decisions as to the invalidation of instruments by material alterations. Any changes made before the signing of the instrument are presumed to be authorized. The evidence in this case does not definitely fix this change as having been made after the execution of the instrument, and from the testimony there would be little or no opportunity after the execution of the instrument for any change to be made on the same typewriter as was used to fill out the original instrument. However, this change is not material. The expression "8 per cent per annum from annum until paid" is of the same legal effect as if it read "8 per cent per annum from —— until paid." Section 5850, L. O. L., provides:

" * * Where the instrument provides for the payment of interest without specifying the date from which interest is to run, the interest runs from the date of the instrument, and if the instrument is undated, from the issue thereof. * * "

The effect, therefore, of this change is simply to carry out the provisions of the section above set forth, and not being a material change it will not invalidate the instrument. That this construction of the instrument was the intent of the parties is shown by the fact that interest was paid by the defendants several times, the interest being computed on the basis of the interest being payable from date of note and mortgage.

Decree affirmed.                    AFFIRMED.