Argued and submitted April 15, reversed and remanded for further proceedings
July 6, 1988

STATE ex rel DRISCOLL,
*Appellant,*

*v.*

INTER-WEST INSURANCE COMPANY,
*Respondent-Respondent,.*

*and*

HOLST et al,
*Defendants-Respondents.*

(CV 86-037; CA A44391)

756 P2d 1283

Rives Kistler, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thomas C. Tankersley, McMinnville, argued the cause for respondents. With him on the brief was Drabkin, Tankersley and Richardson, McMinnville.

Before Warren, Presiding Judge, and Rossman, Judge, and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

Rossman, J., dissenting.

**RIGGS, J.,** pro tempore.

Plaintiff appeals from a trial court judgment entered after the court granted defendants' motion to dismiss plaintiff's complaint for failure to state ultimate facts sufficient to constitute a claim. We reverse.

We assume that the facts alleged in plaintiff's complaint are true. Plaintiff is the receiver for Inter-West Insurance Company, which bought four acres of land from defendants in 1983. Inter-West paid defendants $25,000 in cash and gave them a "Certificate of Surplus" for $100,000. Inter-West also executed a trust deed on the property to Transamerica Title Co. as trustee in favor of defendants to secure performance of the terms of the certificate.

The Certificate of Surplus provides, in part:

"It is expressly agreed that the principal sum of this Certificate or any unpaid balance thereof does not constitute and shall not be deemed to constitute a legal obligation or liability of the Company except as to the part of the surplus fund of the Company which may be in excess of ONE MILLION DOLLARS ($1,000,000). The amount of said surplus shall be determined in accordance with the customary insurance accounting practices and principles as applied to the business of the Company and as required by the Insurance Code of the State of Oregon. When, as of the end of any calendar year, the surplus of Company, determined as hereinabove provided and as shown by the official financial statement of the Company filed with the Insurance Commissioner of the State of Oregon, exceeds the sum of ONE MILLION DOLLARS ($1,000,000), the Company shall on or before June 1st next succeeding pay the amount of such excess to the holder hereof as payment upon said principal sum, until in such manner the entire said principal sum shall have been paid in full, provided, however, that the Company at its option and upon approval thereof by the Insurance Commissioner of the State of Oregon, may on any interest payment date make a payment of or upon said principal sum out of any of its available surplus funds.

"* * * * *

"In event of the liquidation of the Company while this Certificate is outstanding, so much of the funds and assets of the Company remaining after payment of its obligations to its policy holders and creditors other than the holder hereof, shall be paid to the holder hereof as may be required, to pay the

balance of the principal sum of this Certificate then remaining unpaid, together with all interest hereunder then accrued and unpaid."

The trust deed made by Inter-West in favor of defendants is in standard form and provides, in part:

"FOR THE PURPOSE OF SECURING PERFORM-ANCE of each agreement of grantor herein contained and payment of the sum of ($100,000.00) One Hundred Thousand and no/100 Dollars, with interest thereon according to the terms [of the] debenture (Certificate of Surpl[us] Bon[d]) of even date herewith, payable to beneficiary or order and made by grantor, the final payment of principal and interest hereof, if not sooner paid, to be due and payable September 14, 1988.

"The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of said note becomes due and payable. In the event the within described property, or any part thereof, or any interest therein is sold, agreed to be sold, conveyed, assigned or alienated by the grantor without first having obtained the written consent or approval of the beneficiary, then, at the beneficiary's option, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, or herein, shall become immediately due and payable."

Plaintiff claims that Inter-West complied with the certificate and that its obligations are now extinguished because Inter-West's assets are not sufficient to pay defendants after superior creditors are satisfied. Therefore, plaintiff argues that it is entitled to reconveyance of the property, because there is no longer any obligation to secure. Defendants claim that the trust deed secures a loan of $100,000, that the loan has not been paid and and that, therefore, defendants are entitled to foreclosure or a trustee's sale of the land.

Property secured by a trust deed must be reconveyed "upon performance of the obligation secured" by it. ORS 86.720. Here, it is difficult to ascertain exactly what obligation the trust deed secures. An obligation and the instrument securing it must be construed together. *Temple v. Harrington,* 90 Or 295, 301, 176 P 430 (1918). Reading the Certificate of Surplus and the trust deed together, an ambiguity is apparent. It is impossible to determine, on the pleadings, whether the parties intended that the trust deed secure performance only of a conditional duty to repay the debt in accordance with the

terms of the Certificate of Surplus or of an absolute duty to pay $100,000. If the duty is limited by the terms of the certificate, then plaintiff would be entitled to a reconveyance, because there is no longer a duty under that obligation. If the duty is to pay $100,000, it has not been performed and defendants would be entitled to foreclose the trust deed in accordance with its terms.

■■ The documents may be read together to mean that defendants would be paid only if Inter-West accumulated a surplus of one million dollars or more. Under that interpretation, the trust deed secured performance of the Certificate of Surplus when the conditions of the certificate were met. In that event, defendants would not be entitled to foreclose, because the situation anticipated by the certificate, a one million dollar surplus, never occurred and cannot occur, given the insurer's liquidation. While those are not the only possible intepretations of the documents, they are plausible ones. Although the construction of contractual instruments is normally a question of law, an ambiguity creates a question of fact regarding the parties' intent when they executed the agreement. *Deerfield Commodities v. Nerco, Inc.,* 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985).

Reversed and remanded for further proceedings.

**ROSSMAN, J.,** dissenting.

I cannot understand why the majority is so terribly mystified regarding the nature of this transaction. It could not be plainer: Defendants would receive either $100,000 plus interest *or* their property back in five years. This is the only possible interpretation of the two documents the court had before it. There is nothing for a jury to decide.

Because the contractual agreements of the parties are clearly consistent with each other, and because the learned trial judge did exactly what he was supposed to do when he construed the agreements, we should affirm. Accordingly, I respectfully dissent.