Argued and submitted April 4, reversed and remanded June 5, 2002

Halla D. WHITE
and Eleanor E. White,
individually and as trustees for the
White Living Trust,
*Appellants,*

*v.*

Mark S. GOTH
and Christine E. Goth,
*Respondents.*

9907-07896; A112679

47 P3d 550

Stephen C. Hendricks argued the cause for appellants. With him on the brief was Hendricks Law Firm, P.C.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Byers, Senior Judge.

BYERS, S. J.

**BYERS, S. J.**

Plaintiffs appeal from a judgment barring them from recovering on loans made to defendants. Plaintiffs assign error to the trial court's use of judicial estoppel and to one of its findings of fact. Our review is limited to errors of law and whether the trial court's decision is supported by the evidence. *See Billingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984). For the reasons set out below, we reverse.

Plaintiffs made a series of loans to defendants Christine and Mark Goth, their daughter and son-in-law between 1992 and 1998. Some of the funds were used to start and operate defendants' business, Wings Transportation Group, Inc. (Wings). In 1997 the Goths separated and plaintiff Halla White (Halla) filed suit against Mark and Wings to recover the balance owing on the loans. The complaint sought $74,376 from Mark individually and $101,034.46 from Wings. When the Goths reconciled, Halla let the suit be dismissed for lack of prosecution.

In 1999, the Goths again separated and plaintiffs filed this action to collect $151,775.59, which they claim is the balance owing. This complaint alleges that the loans were personal to the Goths. In defense, Mark alleges that only a portion of the loans was personal and that he repaid that amount. He asserts that the remaining loans were business loans to Wings, which is now defunct. Christine does not actively contest the claims of her parents.

After a bench trial, the court found that Halla had taken inconsistent positions in the actions. It also found that plaintiffs had benefitted from the first action because:

> "Prior to the 1997 suit being dismissed, the parties came to an agreement regarding partial payment. Defendant Mark Goth agreed to pay $50,000 from the expected proceeds of an unrelated suit. Not only did defendant make the payment as promised, but he also made additional payments."

Due to the timing of the two actions, and the fact that Christine was not named in the 1997 action and is not contesting the present action, the trial court believed that the present action was "brought largely for harassment purposes

by disgruntled former in-laws." The court concluded that this was the kind of "playing fast and loose" with the courts that the doctrine of judicial estoppel was intended to prevent. Accordingly, the court applied judicial estoppel and denied plaintiffs any recovery. Plaintiffs then brought this appeal.

■■■ Plaintiffs assign error to the trial court's use of the doctrine of judicial estoppel to bar them from recovering on their claims. The doctrine of judicial estoppel is a common-law principle most often applied by the federal courts.

> "Judicial estoppel looks to the connection between the litigant and the judicial system while equitable estoppel focuses on the relationship between the parties to the prior litigation." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F2d 414, 419 (3d Cir), *cert den* 458 US 967 (1988).

The doctrine has a twofold purpose: to preserve the sanctity of the oath and to protect the integrity of the judicial system by preventing inconsistent results in separate proceedings. The latter purpose has also been described as preventing litigants from "playing fast and loose" with the courts. Judicial estoppel may be applied when a litigant has benefitted from a statement or position in an earlier proceeding that is inconsistent with that same litigant's statement or position in a later proceeding. Most courts require the statement or position to have been accepted and acted upon by the court in the earlier proceeding in order for the doctrine to apply. "The purpose for this majority view is that absent judicial acceptance of the prior inconsistent position, no risk of inconsistent results exist." *Stevens Technical Services, Inc. v. SS Brooklyn*, 885 F2d 584, 588 (9th Cir 1989). A minority of courts do not require acceptance or adoption of the position by the court in the prior proceedings if the court determines that the litigant is playing "fast and loose" with the court system. *Id.* at 589.

Oregon has two leading cases on judicial estoppel. In *Caplener v. U.S. National Bank*, 317 Or 506, 516-21, 857 P2d 830 (1993), the court held that judicial estoppel barred a claim for any amount greater than the amount disclosed in a prior bankruptcy proceeding, but it did not bar additional theories of liability based on the same facts. The court did not

address the question of whether the court in the prior proceeding had to accept or adopt the position that is inconsistent with the position taken in the later proceeding.

In *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 892 P2d 683 (1995), a wood products company took the position in a prior bankruptcy proceeding that there were no assets to administer and caused the bankruptcy proceeding to be dismissed without prejudice. The company later brought a counterclaim against its former log supplier, alleging claims that would have constituted potential assets in the bankruptcy proceeding. On appeal, the court held that, where the bankruptcy proceeding was dismissed without prejudice, the company had derived no benefit from the prior proceeding and therefore the doctrine of judicial estoppel could not be applied. Based on that legal conclusion, the court found it unnecessary to determine whether the positions taken had been inconsistent.[1]

We now consider the facts in this case. The trial court found that the position taken by Halla in the 1997 action was inconsistent with the position taken by plaintiffs in this case. The trial court did not find that the prior position was accepted by the court. It could not have done so because the 1997 case was dismissed without prejudice. However, the trial court concluded that plaintiffs were "playing fast and loose" with the system. The court gave two reasons for that conclusion. First, each case was filed when Christine became estranged from Mark. Second, Christine was not named in the 1997 action and was not actively contesting this action.

That is not a correct application of the doctrine of judicial estoppel. In reaching its conclusion, the trial court focused on the relationship of the parties to each other. That relationship is the proper focus of the doctrine of equitable estoppel, not of judicial estoppel. The doctrine of judicial estoppel focuses on the relationship of the litigant to the courts. In that regard, generally an individual is not barred from filing a subsequent action based on the same claim when the previous action was dismissed without prejudice.

---

[1] In order to avoid any misunderstanding, the court explained that judicial estoppel does not require detrimental reliance, a component that is essential for equitable estoppel. *Id.* at 612-13.

The fact that plaintiffs may favor their daughter and choose to enforce or refrain from enforcing claims based on her marital status is not a threat to the integrity of the judicial process.[2]

Plaintiffs second assignment of error addresses a finding of fact. The trial court found that plaintiffs had benefitted from the 1997 action because, "in response" to that suit, Mark agreed to make a specific payment. The trial court could have been referring only to the $50,000 that Mark directed be paid to plaintiffs from the proceeds Wings received from a lawsuit between it and another company. As plaintiffs point out in their brief, Mark's letter directing his lawyer to make that payment was dated December 26, 1996, and the first lawsuit was not filed until April 1997. In fact, the fourth claim in the 1997 suit is for anticipatory breach of contract and asks the court to assure plaintiffs that the $50,000 payment would be made. Thus, Mark agreed to make the payment before the first action was filed, not in response to that action. Any additional motivation that the action may have provided Mark to make the payment is not sufficient benefit to support applying judicial estoppel.

The trial court believed that this action was "brought largely for harassment purposes." There is no evidence in the record to support that finding. Mark does not dispute that plaintiffs loaned significant amounts of money to Christine and him. The fact that one action was dismissed when Christine and Mark reconciled is not evidence of harassment.

Reversed and remanded.

---

[2] The trial court did not explain how judicial estoppel could apply to plaintiff Eleanor White, who was not a party to the prior proceeding.