26 October 8, 2015 No. 38

IN THE SUPREME COURT OF THE
STATE OF OREGON

BROWNSTONE HOMES
CONDOMINIUM ASSOCIATION,
an Oregon non-profit corporation,
*Petitioner on Review,*

*v.*

BROWNSTONE FOREST HEIGHTS, LLC,
an Oregon limited liability company, et al,
*Defendants,*

*and*

CAPITOL SPECIALTY INSURANCE, CO.
*Respondent on Review.*

(CC 0606-06804; CA A145740; SC S061273)

En Banc

On motion to dismiss filed September 5, 2013, considered and under advisement September 23, 2014.

Wendy M. Margolis, Cosgrave, Vergeer, Kester, LLP, Portland, argued the cause and filed the briefs for petitioner on review. With her on the briefs was Thomas W. Brown.

Brian C. Hickman, Gordon & Polscer, LLC, Portland, argued the cause and filed the briefs for respondent on review. With him on the briefs was Gregory A. Baird.

Travis Eiva, The Corson & Johnson Law Firm, Eugene, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

LANDAU, J.

Motion to dismiss denied.

**LANDAU, J.**

Defendant Capitol Specialty Insurance Co. has moved to dismiss this appeal on the ground that it has become moot. According to Capitol, the issues to be decided in the appeal pertain to the terms of an agreement settling an underlying construction defect case, but those very terms have been superseded by amendments to the agreement adopted during the pendency of the appeal. We conclude that, because the amendments to the settlement agreement do not have the effect of superseding the terms of the original agreement, a judicial decision about that original agreement will have a practical effect on the rights of the parties. Consequently, the appeal is not moot, and the motion to dismiss is denied.

The facts relevant to Capitol's motion are not in dispute. Plaintiff Brownstone Homes Condominium Association initiated a construction defect action against a contractor, A&T Siding, Inc. A&T was insured by Capitol. Brownstone and A&T ultimately settled, and the settlement included a stipulated judgment against A&T. It also included an unconditional release and covenant not to execute that judgment against A & T, along with A & T's assignment to Brownstone of any claim it might assert against Capitol.

Brownstone served a writ of garnishment on Capitol under ORS 18.352 to satisfy the judgment. When Capitol objected, Brownstone initiated a garnishment proceeding. Capitol moved for summary judgment on the ground that Brownstone's release and covenant not to execute the judgment against A&T extinguished A&T's liability and, thus, Capitol's liability as well. The trial court agreed, granted summary judgment in favor of Capitol, and entered judgment dismissing the garnishment proceeding. Brownstone appealed.

Meanwhile, Brownstone and A&T executed an "addendum" to their original settlement agreement, which recited that its purpose was to enable Brownstone to satisfy its judgment by collecting from Capitol. To accomplish that, the addendum modified the release and covenant not to execute, and eliminated the assignment of A&T's claims against Capitol, replacing the assignment provision with a

requirement that A&T pursue its claims directly against Capitol and pay any proceeds to Brownstone.

Brownstone did not advise the Court of Appeals of the execution of the addendum to the original settlement agreement. Unaware of the addendum, the Court of Appeals issued an opinion adjudicating the effect of the original settlement, ultimately concluding that the trial court had correctly determined that, because that agreement extinguished A&T's liability to Brownstone, it also extinguished any obligation that Capitol might have had to cover that liability. *Brownstone Homes Condo. Assn. v. Brownstone Forest Hts.*, 255 Or App 390, 298 P3d 1228 (2013). Brownstone petitioned for review, and we allowed the petition. At that point, Capitol notified us of the existence of the addendum to the original settlement agreement and, on the basis of that addendum, moved to dismiss the appeal.

Meanwhile, during the pendency of the state court appeal, A&T initiated a separate action against Capitol to recover the stipulated judgment against A&T. That action was removed to the United States District Court for the District of Oregon, which ultimately dismissed the action on the ground that, the original settlement agreement having extinguished A&T's liability to Brownstone, any liability that A&T agreed to under the addendum was contractual in nature and not subject to coverage under the term of A&T's policy with Capitol. A&T appealed to the United States Court of Appeals for the Ninth Circuit, arguing that, under the terms of the addendum, it did not undertake any new contractual obligations to Brownstone, but rather reformed the original settlement agreement, effectively nullifying the extinguishment of its liability in that original agreement and restoring Capitol's obligation to provide coverage to A&T. The Ninth Circuit certified a question to us concerning the authority of the parties to amend their original settlement agreement to restore the insurer's obligation to provide coverage.

In *A&T Siding, Inc. v. Capitol Specialty Ins. Co.*, 358 Or 32, ___ P3d ___ (2015), A&T and Capitol addressed that certified question. A&T argued that, together with Brownstone, it had restored Capitol's obligation to provide

coverage by virtue of the voluntary reformation of the original settlement agreement, based on its own and Brownstone's mistake as to the legal effect of that original agreement. We concluded that such a mistake as to legal effect does not support reformation of the original settlement agreement. *Id.* at 48.

With that background in mind, we turn to the question whether the execution of the addendum has the effect of mooting the pending appeal before us. Under Oregon law, when changed circumstances render an appeal moot, it will be dismissed. *State v. Hemenway*, 353 Or 498, 501, 302 P3d 413 (2013). Whether an appeal has become moot may be raised at any time during the appellate process. ORAP 7.05(1)(c). It has been stated often that this court lacks constitutional authority to decide moot cases. *See, e.g.*, *Hemenway*, 353 Or at 500 ("Oregon courts have no authority to decide moot cases: The judicial power granted to courts under the Oregon Constitution is 'limited to the adjudication of an existing controversy.'" (Quoting *Yancy v. Shatzer*, 337 Or 345, 362, 97 P3d 1161 (2004).)). More recently, this court has qualified that broad, categorical assertion. In *Couey v. Atkins*, 357 Or 460, 520, 355 P3d 866 (2015), we concluded that, at least as to public actions and those involving issues of public importance, whether mootness requires dismissal of an action is a prudential matter and not one of constitutional command. In this case, we need not decide whether this case is such a "public action" or one that involves issues of "public importance." Nor do we need to decide whether, if it is not, the constitution requires dismissal because, at all events, the appeal is not moot.

An appeal is moot when a court decision will no longer have a "practical effect on the rights of the parties." *Dept. of Human Services v. G. D. W.*, 353 Or 25, 32, 292 P3d 548 (2012). In this case, the issue before us is the legal effect of the original settlement agreement—specifically, whether the release and unconditional covenant not to execute preclude Brownstone from recovering from Capitol, based on the insurer's obligation to provide coverage to its insured, A&T. Capitol argues that the fact that the addendum to the original settlement agreement eliminated the release and

unconditional covenant not to execute renders academic any opinion about the effect of the original agreement.

But that argument rests on the assumption that the addendum had the effect of eliminating the original release and unconditional covenant not to execute. As noted above, 358 Or at 29-30, we have just concluded in *A&T Siding, Inc.* that the addendum did not have that effect, at least not retroactively. Moreover, Capitol has not argued that the addendum had that effect because the parties intended to rescind, to accomplish a novation, or some other theory. Thus, the issue of whether the original release and unconditional covenant not to execute in the original settlement agreement extinguished A&T's liability to Brownstone—and, in the process, extinguished Brownstone's right to recover from Capitol—remains a live issue. And an opinion as to the legal consequences of that original agreement will have a practical effect on the rights of the parties. In consequence, the appeal is not moot.

Motion to dismiss denied.