Argued and submitted February 11, 2015, reversed and remanded May 4, 2016

Recarr E. JONES,
*Plaintiff-Appellant,*
*v.*
Decarol RANDLE,
*Defendant-Respondent.*
Multnomah County Circuit Court
130303420; A156059

373 P3d 1186

Elizabeth Savage argued the cause for appellant. On the opening brief were Ivan M. Karmel and Ivan M. Karmel, P.C. With her on the reply brief were Ivan M. Karmel and Ivan M. Karmel, P.C.

Jonathan W. Henderson argued the cause for respondent. On the brief were Daniel S. Hasson and Davis Rothwell Earle & Xóchihua, P.C.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

## DUNCAN, P. J.

Plaintiff brought this action seeking to partition real property that she owns as a tenant in common with defendant, her sister. Defendant filed a counterclaim seeking to quiet title to the property in herself. The trial court granted defendant's motions for summary judgment on each claim, concluding that the doctrine of judicial estoppel bars plaintiff from asserting any ownership interest in the property because, in two earlier bankruptcy proceedings, plaintiff had failed to disclose her ownership interest in the house. For the reasons explained below, we conclude that the trial court erred in granting defendant's motions for summary judgment and, therefore, we reverse and remand.

Judicial estoppel is a common law equitable doctrine that applies to prevent a litigant who has benefitted from a position taken in an earlier judicial proceeding from taking an inconsistent position in a later proceeding. *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 609, 892 P2d 683 (1995). "The purpose of judicial estoppel is to protect the judiciary, as an institution, from the perversion of judicial machinery." *Id.* at 609 (internal quotation marks omitted); *see also White v. Goth*, 182 Or App 138, 141, 47 P3d 550 (2002) (the doctrine serves to protect the sanctity of the oath and prevent inconsistent results in separate proceedings). Thus, the focus of the doctrine is on the relationship between the litigants and the courts rather than the relationship between the parties to the litigation. *White*, 182 Or App at 141.

Whether the requirements for application of judicial estoppel have been established is a question of law. *Hampton Tree Farms*, 320 Or at 611-12 (applying standard; reversing summary judgment for defendant where the record was insufficient to establish, as a matter of law, that the plaintiff had benefitted from nondisclosure of a claim in bankruptcy); *Glover v. Bank of New York*, 208 Or App 545, 558, 147 P3d 336 (2006), *rev den*, 342 Or 416 (2007) (applying standard and holding that the plaintiff's actions posed "the type of harm to the judicial system that warrants invocation of the doctrine of judicial estoppel").[1] Thus, in reviewing the trial

---

[1] We recognize, as pointed out by defendant, that federal courts have determined that the application of judicial estoppel is a matter of discretion, reviewed

court's rulings that defendant was entitled to summary judgment, we view the record in the light most favorable to plaintiff, the nonmoving party, to determine whether the trial court correctly ruled, based on the record on summary judgment, that defendant was entitled to summary judgment as a matter of law under the doctrine of judicial estoppel or whether there are factual issues that preclude summary judgment. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

Viewed, as required, in the light most favorable to plaintiff, the nonmoving party, the relevant facts are as follows. Ferguson, the parties' elderly mother, lived in a house that she owned in Portland. In 2005, Ferguson executed a bargain and sale deed transferring the property to plaintiff and defendant. Shortly thereafter, defendant moved into the house with Ferguson and excluded plaintiff. In 2013, plaintiff brought this partition action, seeking to have the house sold and the proceeds divided pursuant to ORS 105.205. In response, defendant raised the affirmative defense of judicial estoppel, asserting that plaintiff could not maintain any claim based on her ownership interest in the house, because she had failed to disclose that interest in two separate Chapter 13 bankruptcy proceedings. Defendant also asserted a counterclaim seeking to quiet title in the property to herself as the sole owner, based on having paid the expenses for the property and cared for Ferguson for eight years. Defendant sought summary judgment on plaintiff's partition claim and her own quiet title counterclaim, contending that she was entitled to judgment as a matter of law because the doctrine of judicial estoppel provides a complete defense to plaintiff's partition claim and bars plaintiff from asserting any interest in the house in response to defendant's quiet title counterclaim.

Plaintiff filed the first Chapter 13 bankruptcy in 2008. She was represented by counsel, and she sought to be relieved of debts of approximately $384,000. On "Schedule A—Real Property," plaintiff listed a half interest in the house,

---

for an abuse of discretion. *See New Hampshire v. Maine*, 532 US 742, 750, 121 S Ct 1808, 149 L Ed 2d 968, *reh'g den*, 533 US 968 (2001) (describing judicial estoppel as an equitable doctrine "invoked by the court at its discretion" (internal quotation marks omitted)).

but listed the value as "0.00," and further described the interest as follows: "Mother's home but on title as beneficiary. FMV $256,000, lien of $10,000 in mother's name only." Plaintiff did not disclose any claims related to the property. On January 30, 2009, the court confirmed plaintiff's Chapter 13 bankruptcy plan but, on June 25, 2009, the court dismissed the petition on the recommendation of the bankruptcy trustee, without relieving plaintiff of her debts.

Plaintiff filed the second Chapter 13 bankruptcy on December 2, 2010. This time, she was not represented by counsel, and she sought to be relieved of debts of approximately $615,000. Plaintiff did not list the house on any schedule, nor did she disclose any claims related to the house. The court once again confirmed the Chapter 13 bankruptcy plan but, subsequently, on January 20, 2011, the court dismissed the petition without relieving plaintiff of her debts. Thus, it is undisputed that, in violation of the Bankruptcy Code, 11 USC § 521, plaintiff twice failed to disclose her ownership interest in the house. *See Vucak v. City of Portland,* 194 Or App 564, 570, 96 P3d 362 (2004) ("Debtors in bankruptcy have an affirmative duty carefully, completely and accurately to schedule assets and liabilities." (Internal quotation marks omitted.)).

In a declaration in opposition to defendant's motion for summary judgment on the partition claim, plaintiff explained that her nondisclosure of an ownership interest was inadvertent, because she believed that, despite being listed on the deed, her interest was only that of a beneficiary, because her mother was still living. Plaintiff explained additionally that she listed the value of her interest as "0.00" on the 2008 petition, because she knew that the property was encumbered and had no equity.

As noted, the trial court agreed with defendant and granted defendant's motions for summary judgment based on judicial estoppel, both on plaintiff's partition claim and on defendant's quiet title counterclaim. The separate motions were heard at different times by different judges. In granting defendant's motion on plaintiff's partition claim, the first judge explained that "[plaintiff] will not be permitted to assert that she owns property that she failed to

disclose * * *. The consequence of playing fast and loose with the court system is you lose." Subsequently, with respect to defendant's quiet title counterclaim, the second judge explained that the first judge's ruling was "assumptively correct" and controlled the determination whether plaintiff, "by reason of having been judicially estopped, has any further right to resist" the quiet title counterclaim.

On appeal, plaintiff contends that the trial court erred with respect to both rulings. We agree. As we explained in *Glover*, 208 Or App at 552, the general principles of judicial estoppel were formulated by the Supreme Court in *Hampton Tree Farms*, 320 Or at 611. There, the court held that applicability of the doctrine involves three issues: a "benefit in the earlier proceeding, different judicial proceedings, and inconsistent positions [in the different judicial proceedings]." *Id.*

There is no dispute that plaintiff failed to disclose her interest in the house in the bankruptcy proceedings and that her subsequent assertion of an interest in the property in this proceeding is inconsistent with that earlier nondisclosure. The question here is whether the record on summary judgment establishes as a matter of law that plaintiff derived a "benefit" from her nondisclosure, so as to require summary judgment for defendant based on judicial estoppel. As the Supreme Court noted in *Hampton Tree Farms*, "[t]he doctrine of judicial estoppel has been applied by federal courts to hold that a debtor who invokes the protection of the bankruptcy court and purports to disclose all of its assets, including claims that it might assert in litigation, is precluded from later asserting a claim that existed at the time of the bankruptcy but was not disclosed." 320 Or at 609 n 7 (internal quotation marks omitted).[2] Defendant asserts

---

[2] The federal formulation of judicial estoppel is different from Oregon's. In *New Hampshire*, 532 US at 749-51, the Court described it as follows:

"Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

"* * * * *

"Courts have observed that the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general

that the same result should obtain here to bar plaintiff from asserting her partition claim.

Plaintiff asserts that in order for judicial estoppel to bar her claim, she must have derived a benefit from the nondisclosure itself, and that there is no evidence in the record on summary judgment that her failure to disclose her ownership interest in the home in the bankruptcy proceedings had any effect on the outcome of those bankruptcies, which were dismissed without a discharge from debt. Plaintiff further contends that her failure to disclose the ownership interest was inadvertent and should not trigger application of judicial estoppel for that additional reason.

Citing *Glover*, defendant responds that a discharge of debt is not required for application of judicial estoppel and that, despite the lack of a discharge, plaintiff in fact derived a benefit from twice filing for bankruptcy, in the form of several months' delay of foreclosure proceedings on her home. Defendant further responds that plaintiff's inadvertence, if any, in failing to disclose the property interest, is not relevant, based on federal case law applying judicial estoppel.

Plaintiff is correct. To be judicially estopped, a litigant must have derived a benefit from the inconsistent position taken in the earlier proceeding. Thus, here, the benefit to plaintiff must have been the result of her nondisclosure of her ownership interest in the property. It is not enough, as defendant contends, that plaintiff may have derived a benefit from the filing of the bankruptcy proceeding itself, in the form of an automatic stay of collections or foreclosure.

---

formulation of principal[.] Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of any inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

(Internal quotation marks and citations omitted.)

Indeed, in *Hampton Tree Farms*, where the Supreme Court held that the dismissal of a bankruptcy petition without prejudice was not a "benefit" as a matter of law, the court necessarily implied that the automatic bankruptcy stay is not, in and of itself, a benefit sufficient to trigger application of judicial estoppel when assets are omitted. 320 Or at 611-12.[3]

That conclusion is further supported by our opinion in *Glover*. There, the plaintiff brought a breach of contract action against several creditors. The creditors asserted that the plaintiff's claim was barred because she had failed to disclose the claim in five previous bankruptcy proceedings. It was undisputed in *Glover* that the plaintiff had initiated the bankruptcy proceedings for the sole purpose of delaying nonjudicial foreclosure on a property that she owned. The bankruptcy court had determined that the repeated bankruptcy filings were made in bad faith. 208 Or App at 552. We concluded in *Glover* that each of the *Hampton Tree Farms* elements had been satisfied and that the plaintiff's breach of contract action was barred by judicial estoppel. *Id.* at 553.[4]

In addressing the benefit element in *Glover*, we focused on whether the plaintiff had derived a benefit *from her failure to disclose the breach of contract claim against the defendants*, who had filed claims in the bankruptcy proceeding. In concluding that "plaintiff received a benefit from failing to schedule the breach of contract claim in the prior proceedings," we explained:

"By failing to list any claims against defendants * * * plaintiff made it less likely that the bankruptcy trustee would have chosen to litigate those claims. Had the claims been conclusively litigated—and the amounts owing on the loan been finally determined—she would not have had the ability to continue to delay foreclosure. Given that her admitted purpose was to delay foreclosure * * * plaintiff received

---

[3] We recognize that federal cases hold that judicial estoppel based on the nondisclosure of an asset in bankruptcy applies if a debtor omits the asset from the bankruptcy schedule and either obtains a discharge or a plan confirmation. *See Ah Quin v. County of Kauai Dept. of Transp.*, 733 F3d 267, 271 (9th Cir 2013).

[4] In *Glover*, we also explicitly rejected the plaintiff's contention that, in order for the doctrine of judicial estoppel to apply, it is necessary that the court relied or acted on the inconsistent position in the earlier litigation. 208 Or App at 558.

> a benefit from failing to adequately schedule her breach of contract claim against defendants, thereby enhancing her ability to continue to delay foreclosure."

*Id.* Thus, as defendant correctly asserts, the benefit that we cited in support of application of judicial estoppel was the plaintiff's ability to delay foreclosure. But, contrary to defendant's contention, that benefit in *Glover* was derived not, as here, from the automatic stay itself but, rather, from the repeated filings without disclosure of the plaintiff's claims against the bankruptcy creditors, which could otherwise have been pursued by the bankruptcy trustee. That nondisclosure gave rise to a benefit in the form of a delay in the foreclosure proceeding that was longer than would otherwise have occurred merely as a result of the automatic stay through the filing of the bankruptcy petition.

Here, we agree with plaintiff that the automatic stay that resulted from the filing of the bankruptcy petition is not a benefit derived from the nondisclosure of her ownership interest in the house. Additionally, the record on summary judgment does not disclose a benefit derived from that nondisclosure. We therefore conclude that the trial court erred in determining on summary judgment that plaintiff is precluded from asserting an interest in the property based on judicial estoppel.[5]

Reversed and remanded.

---

[5] In *Glover*, we further concluded that, in addition to satisfying the *Hampton Tree Farms* elements, the plaintiff's behavior in bringing the bankruptcy proceedings in bad faith "pos[ed] the type of harm to the judicial system that warrants invocation of the doctrine of judicial estoppel." 208 Or App at 558. In light of our conclusion here that there is no evidence from which it could be found that plaintiff benefited from the nondisclosure of her ownership interest in the bankruptcy proceedings, we do not address plaintiff's additional contention that judicial estoppel is inapplicable here because plaintiff's nondisclosure was inadvertent. We also do not address her contention that, because the doctrine is an affirmative defense, the trial court erred in applying it to defendant's quiet title counterclaim to preclude plaintiff from asserting an interest in the property.