Submitted May 1, 2015, reversed and remanded July 7, 2016

## WELLS FARGO BANK, NA,
*Plaintiff-Respondent,*

*v.*

## Dossie HAAS
and Abigail Haas, other persons or parties,
including occupants, unknown claiming any right,
title, lien or interest in the property described in
the complaint herein,
*Defendants-Appellants.*

Yamhill County Circuit Court
13CV00214; A156806

379 P3d 693

Dossie Haas and Abigail Haas filed the briefs *pro se.*

Robert E. Sabido, Julie A. Smith, and Cosgrave Vergeer Kester LLP filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

## SERCOMBE, P. J.

Defendants appeal a general judgment of judicial foreclosure that foreclosed their interests in real property and in a manufactured dwelling situated on that property. In their sole assignment of error, defendants argue that the trial court erred in granting plaintiff's motion for summary judgment. Specifically, defendants contend that the trial court erroneously concluded that their manufactured dwelling is collateral for the loan under the deed of trust and is subject to foreclosure. They assert that the manufactured dwelling is personal rather than real property and is not described in the deed of trust as secured property. Plaintiff, the successor to the beneficiary in the deed of trust, responds that defendants are judicially estopped from disputing that the manufactured dwelling is secured by the deed of trust, because they represented that the manufactured dwelling was real property in an earlier bankruptcy proceeding. We conclude that there are disputed issues of material fact on whether the manufactured dwelling is secured property under the deed of trust that preclude entry of summary judgment for plaintiff and that the status of the property is not conclusively determined by representations made by defendants in their bankruptcy petition. Accordingly, we reverse and remand.

We review the record of an order granting summary judgment in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

Defendants purchased real property in Yamhill County and received a loan of $104,756 to complete the purchase. That loan was memorialized in a promissory note and secured by a deed of trust, providing plaintiff's predecessor in interest with a security interest in the real property.[1] The deed of trust included an "attached" exhibit that set out a legal description of the real property in metes and

---

[1] ORS 86.705(8) defines a "trust deed" to be "a deed *** that conveys an interest in real property to a trustee in trust to secure the performance of an obligation the grantor *** owes to a beneficiary."

bounds. The deed of trust specified that the secured property included "all the improvements now or hereafter erected on the property, and all * * * fixtures now or hereafter a part of the property." The deed of trust made no mention of the manufactured dwelling that was on the property at the time of the transaction.

Defendants subsequently filed a Chapter 7 bankruptcy petition. In "Schedule A—Real Property" of their bankruptcy petition, defendants listed the street address of the property as their "residence." They did not list the manufactured dwelling in the petition on "Schedule B—Personal Property." Defendants designated plaintiff as a creditor holding a secured claim in their "residence." Plaintiff petitioned for relief from the automatic stay imposed at the start of the bankruptcy proceeding. The bankruptcy court granted that relief and released the secured property. The bankruptcy court also granted defendants a discharge of their debts.

Plaintiff then filed a complaint seeking judicial foreclosure under the deed of trust. In its first amended complaint, plaintiff sought to foreclose on both the land and the manufactured dwelling, stating that "the parties intended to make the Manufactured Home additional security covered by the Deed of Trust and to legally attach the same to the Real Property." In their answer, defendants contended that plaintiff had no interest in the manufactured dwelling because it was not "legally attached to the land" or to the deed of trust.

Plaintiff subsequently moved for summary judgment. In that motion, plaintiff did not argue that they were entitled to foreclose on the manufactured dwelling because the parties had intended it to be collateral for the loan under the terms of the deed of trust. Instead, they asserted that defendants were judicially estopped from denying that their manufactured dwelling was subject to plaintiff's lien, because defendants represented to the bankruptcy court that it was part of the real property in which plaintiff held a security interest. The trial court granted plaintiff's motion for summary judgment and subsequently issued a general judgment of foreclosure in which it stated that the property

subject to foreclosure "includes the 1986 Sunhaven 28 x 40 manufactured home situated" on defendants' land.

On appeal, defendants contend that plaintiff has no interest in the manufactured dwelling because it was not made collateral for the loan by the deed of trust or by any subsequent agreement between the parties. Specifically, defendants contend that the "manufactured structure has always been the personal property of the defendants, has never been affixed to the land, [and] has never been attached to the deed of trust as additional security for the loan[.]" According to defendants, ORS 446.626 sets out a process to record an ownership document and security interest in a manufactured dwelling in the county deed records in order to classify the manufactured dwelling as real property for purposes of real property taxes and "[m]ortgages, trust deeds and other liens."[2] Defendants further argue that plaintiff could not have obtained a security interest in their manufactured dwelling unless defendants completed that process and, therefore, plaintiff has no interest in the manufactured dwelling because it was not real property, much less part of the real property described in the deed of trust.

We express no opinion on defendants' arguments about the necessity of "converting" a manufactured dwelling from personal to real property under ORS 446.626 before a manufactured dwelling may "attach" to a deed of trust or be perfected as secured land. However, we conclude that defendants are correct insofar as they contend that there are disputed issues of material fact on whether the description of

---

[2] ORS 446.626 is part of a series of statutes regulating manufactured structure (including manufactured dwelling) ownership records. ORS 446.561 to 446.646 provide for issuance of an ownership document for a manufactured structure by the Department of Consumer and Business Services that describes the property and its purchase. Pursuant to ORS 446.571, with some exceptions, "a manufactured structure for which an ownership document is issued is subject to assessment and taxation as personal property under the ad valorem tax laws of this state." Under ORS 446.611(1)(a), "the exclusive means for perfecting a security interest in a manufactured structure that has an ownership document is by application for and notation of the security interest in the manufactured structure ownership document records of the Department of Consumer and Business Services." ORS 446.626 regulates the recording of an ownership document with the county assessor in the county deed records for purposes of creating "(5) *** a real property interest in the manufactured structure for purposes of: *** (c) Mortgages, trust deeds, and other liens pursuant to ORS chapters 86, 87, and 88[.]"

the secured real property in the deed of trust includes their manufactured dwelling.

Summary judgment foreclosing defendants' interest in the manufactured dwelling is not appropriate if it is unclear whether the manufactured dwelling is a real property interest that is secured by the trust deed. *See Meamber v. Oregon Pacific Bank, Inc.*, 239 Or App 479, 482, 244 P3d 901 (2010) (explaining that a party is entitled to summary judgment based on the meaning of a contract only if the terms of the contract are unambiguous); *see also State ex rel Driscoll v. Inter-West Insurance Co.*, 92 Or App 88, 92, 756 P2d 1283 (1988) ("Although the construction of contractual instruments is normally a question of law, an ambiguity creates a question of fact regarding the parties' intent when they executed the agreement."). "A term in a contract is ambiguous if, when examined in the context of the contract as a whole, including the circumstances in which the agreement was made, it is susceptible to more than one plausible interpretation." *Meamber*, 239 Or App at 482. Here, the deed of trust does not unambiguously include the manufactured dwelling as collateral.

The deed of trust does not mention the manufactured dwelling. The legal description of the secured property includes the metes and bounds of the land with no mention of any structures. The deed does provide that "all the improvements now or hereafter erected on the property, and all * * * fixtures now or hereafter a part of the property" are collateral for the loan. However, those terms can be plausibly interpreted not to include the manufactured dwelling because the dwelling may not be affixed to the land sufficiently to be categorized as real property. In this context, the term "fixture" typically means a piece of personal property that is "so wrought into or annexed to realty (as a house) that it may be regarded as legally part of it * * *." *Webster's Third New Int'l Dictionary* 861 (unabridged ed 2002); *see also* ORS 79.0102(oo)(A) ("fixtures," for purposes of the Uniform Commercial Code—Secured Transactions, means "goods that have become so related to particular real property that an interest in them arises under real property law"); *Highway Comm. v. Superbilt Mfg. Co.*, 204 Or 393, 413, 281 P2d 707 (1955) ("'Fixtures' as that term is used in

the law relating to real property, refers to personal property that has lost its character as such because of its annexation to the realty, and, therefore, has become a part and parcel of the land."). Similarly, the relevant definition of "improvement" is "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Webster's* at 1138.

A manufactured dwelling is not necessarily a "fixture" or an "improvement" under the above definitions, since manufactured dwellings may be moveable or temporary structures—they are not always "part and parcel" of the land or permanent additions to it. Under some circumstances, those terms might unambiguously include a manufactured dwelling based on the circumstances surrounding the creation of the deed of trust, but we cannot draw that conclusion based on the record in this case. There was no evidence that the deed of trust was referenced in any recorded title or ownership document for the dwelling. Further, there is nothing in the record to indicate whether the manufactured dwelling was attached to the land by a foundation or whether it was movable. Nor does the record indicate whether defendants intended to keep the manufactured dwelling on the property permanently. Indeed, plaintiff offered no evidence *whatsoever* about the circumstances surrounding the transaction to clarify the scope of the deed of trust.[3]

Put simply, whether defendants' manufactured dwelling was a fixture or improvement, and thus part of the secured property under the deed of trust, is a disputed issue of material fact that precludes a summary judgment that plaintiff is entitled to foreclose on that property as a matter of law. Accordingly, the deed of trust does not unambiguously grant plaintiff a security interest in the manufactured dwelling, and, on this record, summary judgment foreclosing such a security interest was not appropriate.

---

[3] Additionally, defendants assert that they did not purchase the manufactured dwelling until several months after they purchased the land on which it was placed. Plaintiff does not dispute that assertion, but contends that it is not supported by the record.

Plaintiff argues, nonetheless, that defendants are precluded from denying that the manufactured dwelling is collateral for the loan under the doctrine of judicial estoppel. Putting aside whether plaintiff could obtain, through judicial estoppel, a security interest in the manufactured dwelling to which it was not otherwise entitled in the deed of trust, we conclude that plaintiff has not shown that the elements of the doctrine are met. "Judicial estoppel is a common law equitable doctrine that applies to prevent a litigant who has benefitted from a position taken in an earlier judicial proceeding from taking an inconsistent position in a later proceeding." *Jones v. Randle*, 278 Or App 39, 41, 373 P3d 1186 (2016). The doctrine serves to "'protect the judiciary, as an institution, from perversion of the judicial machinery.'" *Id.* (quoting *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 609, 892 P2d 683 (1995)). In *Hampton Tree Farms, Inc.*, the Supreme Court set out a three-pronged test for judicial estoppel: "benefit in the earlier proceeding [to the party to be estopped], different judicial proceedings, and inconsistent positions." 320 Or at 611. Whether the elements of judicial estoppel have been established is a question of law. *Jones*, 278 Or App at 41.

Plaintiff contends that defendants made representations to the bankruptcy court about the status of the manufactured dwelling as real property that are inconsistent with defendants' position in this proceeding that the manufactured dwelling is personal property in which plaintiff does not hold a security interest. Specifically, plaintiff points to two representations that defendants made in their bankruptcy petition. First, in the "Schedule A—Real Property" listing, defendants listed the address at which the manufactured dwelling is located as their "residence." Plaintiff argues that the term "residence" necessarily included the manufactured dwelling. Second, defendants did not include the manufactured dwelling in the "Schedule B—Personal Property." Plaintiff argues that those representations, separately or taken together, demonstrate that defendants took the position in the bankruptcy proceedings that their manufactured dwelling was part of their real property.

According to plaintiff, defendants benefited from that position by "obtaining a discharge of their debts based

on those representations." Although the discharge of their debts in bankruptcy might have generally benefited defendants, plaintiff does not articulate, and we do not discern, any causal relationship between the allegedly inconsistent position—characterizing the manufactured dwelling as real rather than personal property—and the purported benefit—the bankruptcy court's decision to discharge defendants' debt. *See Hampton Tree Farms, Inc.*, 320 Or at 610 (party to be estopped must have "benefited as a result" of the prior inconsistent position); *see also Jones*, 278 Or App at 45 (the benefit obtained by the party "must have been the result" of the party's inconsistent position); *White v. Goth*, 182 Or App 138, 143, 47 P3d 550 (2002) (plaintiffs did not benefit from their position in a previous lawsuit, in the form of a $50,000 payment made by defendant, in part because defendant "agreed to make that payment before the first action was filed, not in response to that action"); *Patterson v. Kanna*, 126 Or App 18, 21, 867 P2d 519 (1994) (judicial estoppel was inappropriate where "nothing in the summary judgment record show[ed] that defendant somehow improved his position" by failing to disclose a payment to his creditor in a bankruptcy proceeding). *Cf. Glover v. Bank of New York*, 208 Or App 545, 553, 147 P3d 336 (2006), *rev den*, 342 Or 416 (2007) (judicial estoppel appropriate where failure to disclose claims against defendants benefited plaintiff by delaying foreclosure).

Plaintiff fails to explain why defendants would not have obtained a discharge of their debts if they had characterized their manufactured dwelling as personal property. Plaintiff does not contend that the representation advantaged defendants in any other way.[4] Thus, even assuming that defendants' position in the bankruptcy court was inconsistent with their position in this proceeding, we conclude that plaintiff has not demonstrated that defendants received any benefit as a result of their inconsistent position. Accordingly, plaintiff's judicial estoppel argument fails.

---

[4] Additionally, plaintiff does not identify any way in which it detrimentally relied on defendants' representations in the bankruptcy proceeding. "Although detrimental reliance is not a component of judicial estoppel, it may be a relevant consideration." *Hampton Tree Farms, Inc.*, 320 Or at 613 n 8.

For the foregoing reasons, we conclude that there are disputed issues of fact as to whether the parties intended the manufactured dwelling to be collateral for the loan and plaintiff has not demonstrated, as a matter of law, that defendants are estopped from advancing an argument that the manufactured dwelling was not secured property. Therefore, the trial court erred in granting plaintiff's motion for summary judgment.[5]

Reversed and remanded.

---

[5] Our disposition obviates any need to address defendants' arguments related to alleged violations of their rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.