No. 300          April 2, 2025          497

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK ALLEN McMILLAN,
*Defendant-Appellant.*

Columbia County Circuit Court
081043; A183366

Michael T. Clarke, Judge.

Argued and submitted February 25, 2025.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Appeal dismissed as moot.

**KAMINS, J.**

In this criminal appeal, defendant assigns error to the sentencing court's denial of credit for his time served in prison. Because defendant is no longer in custody and no longer has a term of post-prison supervision, we dismiss the appeal as moot.

The facts are procedural and undisputed. Defendant served nearly 12 years in prison before he was granted relief in a post-conviction appeal. *McMillan v. Kelly*, 304 Or App 299, 467 P3d 791 (2020). On remand from that appeal, defendant and the state entered a plea agreement in which defendant pleaded guilty to three charges.

Defendant subsequently violated his probation on one of those charges, and the sentencing court revoked probation and sentenced him to 25 months in prison without addressing the impact of defendant's previously-served prison time on that sentence. Defendant has since been released from custody and does not have a term of post-prison supervision.

The parties agree, as do we, that the case is moot. A decision as to defendant's sentence calculation, "will no longer have a practical effect on" his rights, because he already served his sentence and no longer has post-prison supervision. *Brownstone Homes Condo. Assn.* v. *Brownstone Forest Hts.*, 358 Or 26, 30, 361 P3d 1 (2015) (internal quotation marks omitted). And we decline defendant's request that we exercise our discretion to review the moot appeal, because we conclude that the challenged act is neither "capable of repetition" nor "likely to evade judicial review." ORS 14.175. Although defendant's sentence evaded review in this instance, probation revocations, and sentences related to those revocations, vary in length. Defendant's circumstances surrounding the computation of his time served are unique, and we are unpersuaded that other challenges are likely to evade review.[1] *See, e.g.*, *State v. B. Y.*, 371 Or 364, 366, 537

---

[1] Defendant has also appealed the denial of his habeas corpus case, which also challenged the computation of his sentence, *McMillan v. Hanson* (CA A186301). Defendant contends that the state is taking conflicting positions in that case and the instant appeal and should be estopped *See Jones v. Randle*, 278 Or App 39, 373 P3d 1186 (2016) ("Judicial estoppel is a common law equitable

P3d 517 (2023) (reaching the merits of a moot appeal where "many youth commitment terms have a statutory maximum of less than one year").

Appeal dismissed as moot.

---

doctrine that applies to prevent a litigant who has benefitted from a position taken in an earlier judicial proceeding from taking an inconsistent position in a later proceeding."). At oral argument, the state acknowledged that the habeas case provides a better avenue to address that argument.