No. 395            May 13, 2026            381

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kyle ELLER,
*Plaintiff-Appellant,*

*v.*

ABM INDUSTRIES INCORPORATED,
*Defendant,*

*and*

ABM INDUSTRY GROUPS, LLC,
a Delaware limited liability company,
*Defendant-Respondent.*

Multnomah County Circuit Court
21CV19619; A180685

Michael A. Greenlick, Judge.

Argued and submitted January 6, 2025.

Nadia Dahab argued the cause for appellant. Also on the briefs were Sugerman Dahab; and Joseph E. Piucci and Piucci Law.

Shayna M. Rogers argued the cause for respondent. Also on the brief was Cosgrave Vergeer Kester, LLP.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

ORTEGA, P. J.

Reversed and remanded.

_____
  * O'Connor, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Plaintiff Kyle Eller appeals a general judgment dismissing his negligence claim against defendant ABM Industry Groups, LLC that was entered after the trial court granted summary judgment in favor of defendant on the ground that the equitable doctrine of judicial estoppel bars plaintiff's claim. We conclude that defendant failed to establish the affirmative defense of judicial estoppel as a matter of law and that the trial court therefore erred in granting summary judgment on that basis. We reverse and remand.

## STANDARD OF REVIEW

On review of a grant of summary judgment, we view the summary judgment record in the light most favorable to the nonmoving party—in this case, plaintiff—and determine whether there are genuine issues of material fact and whether defendant, as the moving party, is entitled to judgment as a matter of law on its affirmative defense of judicial estoppel. ORCP 47 C; *Gazitt v. City of Portland*, 341 Or App 407, 409, 574 P3d 484 (2025). We state the relevant facts in accordance with that standard.

## FACTS

In 2019, plaintiff slipped and fell while at work, suffering injuries that required several surgeries. In April 2021, plaintiff filed for bankruptcy, and although he listed his pending workers' compensation claim on his bankruptcy petition, he did not separately list this as-then-unfiled third-party negligence claim against defendant. In May 2021, plaintiff initiated this action. In July 2021, plaintiff obtained an order discharging his debts in federal bankruptcy court.

In May 2022, defense counsel informed plaintiff's counsel that plaintiff's omission of this claim in his bankruptcy proceeding supported the application of judicial estoppel to bar his claim. Plaintiff's counsel, who did not represent plaintiff in his bankruptcy case, contacted the court-appointed bankruptcy trustee, who immediately moved to reopen plaintiff's bankruptcy case to administer an undisclosed asset. On May 17, the bankruptcy court ordered plaintiff's case reopened for further administration,

and on May 24, plaintiff filed an amended petition listing this claim in his asset schedule.

In August 2022, defendant moved for summary judgment on the grounds that judicial estoppel bars plaintiff's negligence claim. Defendant argued that "plaintiff obtained the benefit of a discharge, without payment, of more than $100,000 of his debts" in his bankruptcy proceeding, and that "it was obtained through plaintiff's failure to inform the trustee or his creditors of the claim he intended to bring against defendant, a failure that is tantamount to an admission that no such claim existed."

Plaintiff responded that judicial estoppel should not bar his claim because his omission of this claim in his bankruptcy proceeding was an "inadvertent mistake" and because he "will not obtain any benefit from his initial omission as the bankruptcy proceeding has been reopened" such that "[a]ny recovery from this claim will be administered by the bankruptcy court for the benefit of plaintiff's creditors under the U.S. Bankruptcy Code[.]" In support of his position, plaintiff submitted a declaration that he "believed that [he] had listed this claim in [his] bankruptcy petition" when he listed his pending workers compensation claim, that he "did not realize that this claim against [defendant] should have been listed separately," that he "did not intend to deceive the bankruptcy court, or to get an improper benefit," and that it was "an honest mistake, which [he] worked quickly to fix as soon as [counsel] alerted [him] to the issue." Plaintiff's counsel also submitted a declaration in which he averred that he "believe[s] that plaintiff's omission of this then-unfiled third-party action from his bankruptcy Petition and Schedule was inadvertent" because, "[t]o a layperson, the distinction between a 'Pending Works Comp. Claim'—as plaintiff listed in the bankruptcy Petition—and this claim, an unfiled third-party negligence claim relating to the same injury that occurred at work, is quite subtle."

At the hearing on the summary judgment motion, the trial court identified the "specific benefit" that plaintiff had received as "the discharge" in his bankruptcy proceeding and observed that Oregon case law does not provide guidance on whether any benefit must be "lasting" or can

be reversed. In the court's view, judicial estoppel would bar plaintiff's claim because it was undisputed that plaintiff had obtained a discharge of his debts in bankruptcy by asserting the inconsistent position that he had no third-party negligence claim against defendant, and because it would be "foolish" if a plaintiff could simply change their prior position once the inconsistency is discovered. Thus, the court granted defendant's motion for summary judgment "based on what the appellate courts have said to date." This appeal followed.

## ANALYSIS

"Judicial estoppel is a common law equitable principle," the purpose of which "is to protect the judiciary, as an institution, from the perversion of judicial machinery." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 609, 892 P2d 683 (1995) (internal quotation marks omitted); *see also White v. Goth*, 182 Or App 138, 141, 47 P3d 550 (2002) ("The doctrine [of judicial estoppel] has a twofold purpose: to preserve the sanctity of the oath and to protect the integrity of the judicial system by preventing inconsistent results in separate proceedings."). Accordingly, "the focus of the doctrine is on the relationship between the litigants and the courts rather than the relationship between the parties to the litigation." *Jones v. Randle*, 278 Or App 39, 41, 373 P3d 1186 (2016); *see also Shriners Hospitals for Children v. Cox*, 364 Or 394, 406, 434 P3d 422 (2019) ("It is the court's reliance that the doctrine [of judicial estoppel] protects."). There are three elements to establish the affirmative defense of judicial estoppel: "benefit in the earlier proceeding, different judicial proceedings, and inconsistent positions" in each proceeding. *Hampton Tree Farms*, 320 Or at 611. Because judicial estoppel "is an affirmative defense on which [defendant] would have the burden of proof at trial, summary judgment is appropriate only if the defendant establishes all of the elements of the defense as a matter of law." *Gazitt*, 341 Or App at 412.

On appeal, plaintiff contends that the trial court erred in concluding that judicial estoppel bars his negligence claim. In plaintiff's view, judicial estoppel does not apply here because, given that he has reopened his bankruptcy

proceeding to correct his mistaken representation, plaintiff did not obtain a lasting benefit through that prior proceeding and the bankruptcy court did not ultimately accept plaintiff's prior inconsistent representation. Thus, plaintiff contends, "there is no longer any inconsistent position on which judicial estoppel could be based."

Defendant responds that the trial court correctly granted summary judgment in its favor because plaintiff's contentions that his "failure to disclose this lawsuit in bankruptcy was an honest mistake and one that was cured by the reopening of his bankruptcy case" are "immaterial under Oregon's formulation of judicial estoppel and, specifically, the three-part test" established by the Supreme Court in *Hampton Tree Farms*. Thus, in defendant's view, plaintiff received the benefit of discharge in bankruptcy from asserting an inconsistent position regardless of whether he did so by mistake or any subsequent actions to cure that omission.

Thus, the parties frame the issue on appeal as whether plaintiff's initial, albeit temporary, receipt of a discharge of his debts in bankruptcy establishes the benefit element of judicial estoppel as a matter of law. We conclude that it does not and that the trial court therefore erred in granting summary judgment on the affirmative defense of judicial estoppel in defendant's favor.

*Hampton Tree Farms* identified "benefit in the earlier proceeding" as among the three elements of judicial estoppel and did not articulate its relationship to the other elements. However, subsequent case law has made clear that a causal relationship must exist between the benefit received and the asserted prior inconsistent position: "[A] litigant must have derived a benefit *from* the inconsistent position taken in the earlier proceeding." *Jones*, 278 Or App at 45 (emphasis added). In other words, it is not enough that the litigant received *some* benefit from the earlier proceeding in which they advanced the inconsistent position; rather, the litigant must have received a benefit "*as a result of* their inconsistent position." *Wells Fargo Bank, NA v. Haas*, 279 Or App 393, 401, 379 P3d 693 (2016) (emphasis added); *see id*. (collecting cases).

*Haas* is instructive on the necessary causal relationship between the benefit received and the prior inconsistent position. In that judicial foreclosure action, the defendants appealed after the trial court granted summary judgment in favor of the plaintiff. The trial court had ruled that the defendants' representation in an earlier bankruptcy proceeding that a manufactured dwelling was real property judicially estopped the defendants from asserting in the foreclosure action that the same manufactured dwelling was personal property, and thus not subject to foreclosure. *Id.* at 395-97.

We concluded that the trial court had erred in granting summary judgment because the plaintiff had not demonstrated that the defendants "received any benefit as a result of their inconsistent position" in the bankruptcy proceeding. *Id.* at 401-02. In doing so, we rejected the plaintiff's argument that the defendants had benefitted from asserting that their manufactured dwelling was real property in the bankruptcy proceeding "by obtaining a discharge of their debts based on those representations," because the plaintiff "fail[ed] to explain why [the] defendants would not have obtained a discharge of their debts if they had characterized their manufactured dwelling as personal property." *Id.* at 400-01. We reasoned,

> "Although the discharge of their debts in bankruptcy might have generally benefited [the] defendants, [the] plaintiff does not articulate, and we do not discern, any causal relationship between the allegedly inconsistent position--characterizing the manufactured dwelling as real rather than personal property—and the purported benefit—the bankruptcy court's decision to discharge [the] defendants' debt."

*Id.* at 401.

Here, defendant's argument fails for the same reason. In its summary judgment motion, defendant's theory was that plaintiff obtained "the benefit of a discharge, without payment, of more than $100,000 of his debts" in his bankruptcy proceeding. At the hearing on the motion, the trial court agreed and identified the "specific benefit" that plaintiff received as "the discharge" in his bankruptcy proceeding. However, defendant does not articulate, and we do

not discern, any causal relationship between plaintiff's omission of this negligence claim in his asset schedule and the bankruptcy court's decision to discharge plaintiff's debts. Indeed, evidence in the summary judgment record relating to the bankruptcy proceeding consists of plaintiff's initial petition omitting this claim, the trustee's report requesting discharge, the court's order discharging his debts, the trustee's motion to reopen the case to administer an undisclosed asset, the court's order reopening the case, and plaintiff's amended petition disclosing this claim. But defendant failed to provide any legal context or argument, either below or on appeal, regarding the procedural or substantive implications that failing to disclose this claim had on that proceeding. Thus, as in *Haas*, although defendant has established that plaintiff may have *generally* benefitted from the discharge of his debts in bankruptcy, defendant has not identified the *specific* causal relationship between that purported benefit and plaintiff's omission of this negligence claim in his asset schedule.

To the extent that the summary judgment record supports a finding that plaintiff received a more specific, albeit still temporary, benefit from omitting this claim than discharge of his debts—as plaintiff acknowledges, that any potential recovery from this claim would not be subject to administration by the bankruptcy trustee—we conclude that, in this posture, judicial estoppel does not bar plaintiff's claim as a matter of law. First, "the record is devoid of any indication that an administrative or judicial tribunal made a *final* determination" regarding the inconsistent position in the prior proceeding. *Day v. Advanced M & D Sales, Inc.*, 336 Or 511, 524-25, 86 P3d 678 (2004) (emphasis added). Rather, the summary judgment record reflects that the bankruptcy court granted the trustee's motion to reopen plaintiff's bankruptcy case specifically to administer this claim as an asset, and plaintiff's disclosure of this claim in his amended petition means that there is no longer a risk of inconsistent judgments in the two cases, which are both ongoing. *See White*, 182 Or App at 142-43 (because "[t]he doctrine of judicial estoppel focuses on the relationship of the litigant to the courts," asserting a later inconsistent action based on a previous claim that was dismissed without prejudice "is not a threat to

the integrity of the judicial process"). This is not a case where the summary judgment record conclusively establishes that the trustee is foreclosed from pursuing, or has affirmatively abandoned, the previously undisclosed claim. *See Caplener v. U.S. National Bank*, 317 Or 506, 520, 857 P2d 830 (1993) (holding that the plaintiffs were judicially estopped from asserting an $11 million claim against the defendant bank where the plaintiffs had previously disclosed only a $451,000 claim in bankruptcy and the trustee expressly abandoned the latter claim, thereby returning it to the plaintiffs/debtors). Second, given plaintiff's actions to reconcile his positions in the different judicial proceedings, this is not a case where the *only* available inference from the summary judgment record is that plaintiff was manipulating the judicial system in a manner that harmed its integrity. *Cf. Glover v. Bank of New York*, 208 Or App 545, 558, 147 P3d 336 (2006), *rev den*, 342 Or 416 (2007) (holding that the plaintiff was judicially estopped from bringing a breach of contract claim that she had failed to disclose in repeated bankruptcy proceedings where "the only permissible legal conclusion [was] that [the] plaintiff was manipulating the judicial system in a manner that harmed its integrity" by initiating and then dismissing bankruptcy cases to delay foreclosure, even though the bankruptcy courts had not accepted or relied on the inconsistent position). Even if a rational factfinder could conclude that plaintiff "is playing fast and loose with the courts," *id.* at 554, plaintiff produced evidence in opposing defendant's summary judgment motion that supports a reasonable inference that he was not, such that there are genuine issues of material fact and defendant is not entitled to judgment as a matter of law on its affirmative defense of judicial estoppel. Accordingly, "[t]he focus of [the] doctrine on acceptance of an earlier position and harm to the judicial system defeats defendant's effort to invoke judicial estoppel here," *Day*, 336 Or at 524, as a matter of law on summary judgment.

We therefore conclude that defendant failed to establish the affirmative defense of judicial estoppel as a matter of law and that the trial court erred in granting summary judgment on that basis.

Reversed and remanded.