No. 869          December 4, 2024          515

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NEWSUN ENERGY, LLC,
a Delaware limited liability company,
*Petitioner-Appellant,*

*v.*

PUBLIC UTILITY COMMISSION,
an agency of the State of Oregon,
*Respondent-Respondent,*

*and*

PORTLAND GENERAL ELECTRIC COMPANY,
*Intervenor-Respondent.*

Marion County Circuit Court
22CV05442; A178808

Jodie A. Bureta, Judge.

Argued and submitted March 18, 2024.

Casey M. Nokes argued the cause for appellant. Also on the briefs were Richard G. Lorenz and Cable Huston, LLP.

Dustin Buehler, Assistant Attorney General, argued the cause for respondent Oregon Public Utility Commission. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Dallas DeLuca argued the cause for respondent Portland General Electric Company. Also on the brief were Kathryn P. Roberts and Markowitz Herbold, PC.

Joni Sliger, Irion A. Sanger, and Sanger Law, PC, filed the brief *amicus curiae* for Northwest and Intermountain Power Producers.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Judicial review dismissed as moot.

**ORTEGA, P. J.**

In this administrative "other than contested case" under ORS 183.484, petitioner NewSun Energy LLC (NewSun) seeks judicial review of a circuit court judgment that dismissed its petition for lack of subject matter jurisdiction. NewSun had sought review in the circuit court of a Public Utility Commission (PUC) order approving Portland General Electric Company's (PGE) 2021 request for proposal (RFP) to acquire energy resources as part of its utility resource planning process. The circuit court concluded that PUC's order was not a "final order" subject to judicial review and dismissed the petition. NewSun seeks review of that decision. While the case was pending in this court, PGE filed a motion to dismiss the case as moot because it has completed the 2021 RFP process and a decision from this court will not have a practical effect on the rights of the parties. We conclude that this case is moot, and we decline to exercise our discretion to review the case under the authority in ORS 14.175. Thus, we dismiss.

We set out the background necessary to provide context for our disposition. Prior to a rate-making case, regulated utilities, like PGE, engage in a utility resource planning process. In short, that planning has two steps: First, the utility files an integrated resource plan for future resource needs, which PUC acknowledges in an order. *See* OAR 860-027-0400 (integrated resource plan filing and review). Second, the utility engages in a competitive resource procurement process for certain resource acquisitions, which includes development of an RFP to solicit bids, among other steps. *See* OAR 860-089-0010 - 860-089-0550 (resource procurement for electric companies). As part of that process, PUC approves the proposed RFP in an order. OAR 860-089-0250 (request for proposal design and approval). Following that approval, the utility solicits bids, scores those bids as provided in the RFP, and prepares a shortlist of top bidders. *See* OAR 860-089-0400 (bid scoring and evaluation). Following input from an independent evaluator and others, PUC acknowledges the shortlist before the utility negotiates with bidders. OAR 860-089-0450 (independent evaluator duties); OAR 860-089-0500 (shortlist acknowledgment).

This case comes out of PGE's 2021 RFP process. In May 2021, PUC acknowledged PGE's update to its 2019 integrated resource plan, which contemplated major resource acquisitions through a single RFP process. In April 2021, PGE started the resource procurement process through initiation of PUC Docket Number UM 2166. As part of that process, PGE designed and submitted a draft RFP. After taking comments from interested parties, stakeholders, PUC staff, and the independent evaluator, in December 2021, PUC issued Order 21-460 approving PGE's RFP with modifications.

NewSun sought judicial review of PUC's approval order by initiating this case in the circuit court. In its petition, NewSun asserted that PUC exceeded its authority in issuing the order because "it failed to give effect to key provisions" of a new law, House Bill (HB) 2021 (2021), that went into effect on September 25, 2021. *See* Or Laws 2021, ch 508, §§ 2, 40. NewSun sought an order from the circuit court requiring PUC to comply with HB 2021, section 2, paragraph 2, by requiring modifications to PGE's RFP "such as by scoring criteria, preferences, or other measures related to in-state siting."[1] NewSun also sought an injunction staying the order and the 2021 RFP process.

PUC, joined by PGE, filed a motion to dismiss NewSun's petition on the basis that the order was not a reviewable "final order" under the Oregon Administrative Procedures Act (APA). The circuit court granted that motion, and NewSun now seeks review of that decision.

Before briefing was completed in this case, PGE, joined by PUC, brought a motion to dismiss. While NewSun's case proceeded, so did PGE's 2021 RFP process. In August 2022, PUC acknowledged PGE's final shortlist of bidders. At

---

[1] HB 2021, section 2, paragraph 2, was codified as ORS 469A.405(2) and provides:

"It is the policy of the State of Oregon:

"*****

"(2) That electricity generated in a manner that produces zero greenhouse gas emissions also be generated, to the maximum extent practicable, in a manner that provides additional direct benefits to communities in this state in the forms of creating and sustaining meaningful living wage jobs, promoting workforce equity and increasing energy security and resiliency[.]"

that point, PGE negotiated with bidders and entered into contracts with the successful bidders. PUC staff also filed a letter acknowledging the completion of the 2021 RFP process. As a result, PGE asserts that NewSun's judicial review case is moot.

We typically will not decide cases that have become moot. *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018). "[A] case becomes moot when a court's decision 'will no longer have a practical effect on the rights of the parties.'" *Id.* (quoting *Brownstone Homes Condo. Ass'n v. Brownstone Forest Heights, LLC*, 358 Or 26, 30, 361 P3d 1 (2015)). The burden is on the party moving for dismissal to establish that the case is moot. *Id.* The responding party then "must identify any collateral consequences that he or she contends has the effect of producing the required practical effects of a judicial decision." *Id.* at 786. The moving party then has the burden to demonstrate that the identified collateral consequence "either does not exist or is legally insufficient." *Id.*

Here, PGE asserts that the case is moot because the 2021 RFP process is complete—PGE has negotiated and signed contracts with the successful bidders. PGE argues that, as a result, a court's decision on NewSun's petition challenging PUC's order approving the RFP would have no practical effect on the rights of the parties.

NewSun, however, argues that the case is not moot because its petition is primarily concerned with ensuring that PUC complies with the law through the judicial review process in ORS 183.484. NewSun also asserts that there are practical consequences of its petition because, under PUC's administrative rules, PGE cannot acquire resources outside of the RFP process without a waiver from PUC. Thus, NewSun asserts that part of the consequences of our review would be to determine whether the contracts executed by PGE were acquired through a legally valid RFP process and, if they were not, then PGE must apply for a waiver.

In response, PGE argues that the appeal is still moot because any new order by PUC regarding preferences and scoring of bids would have no practical effect on the rights of the parties, because PGE has already entered into

contracts for the resources. In addition, PGE argues that NewSun never asserted in its petition that PGE failed to comply with applicable administrative rules, waiver processes, or any other law; rather, NewSun asserted only that PUC did not comply with HB 2021, section 2, paragraph 2, when it approved PGE's RFP.

To begin, we reject NewSun's argument to the extent that it asserts that mootness does not apply to judicial review under ORS 183.484. The prudential mootness doctrine applies equally to cases brought under the APA as it does to other types of cases. *See, e.g.*, *Eastern Oregon Mining Assoc. v. DEQ*, 285 Or App 821, 398 P3d 449 (2017), *aff'd*, 365 Or 313, 445 P3d 251 (2019), *cert den*, ___US ___, 141 S Ct 111, 207 L Ed 2d 1052 (2020) (*Eastern Oregon Mining II*) (applying mootness and ORS 14.175 in a judicial review case under ORS 183.484).

We further conclude that PGE has met its burden to demonstrate that this judicial review is moot. Any decision we might make about PUC's order approving PGE's RFP would have no practical effect on the parties. The entire 2021 RFP process has been completed—the bids were made, PGE created a shortlist of bidders using the preferences and scoring in the RFP, PUC acknowledged the shortlist, and PGE negotiated and entered into binding contracts with the winning bidders. Although NewSun appears to acknowledge that that completed process cannot be unwound such that a new bidding process could result, NewSun nonetheless argues that the case is not moot because it could affect how PUC applies the law in the future. That argument, however, does not identify how any decision by us would have a practical effect on the parties' rights in this case. We also conclude that NewSun has not identified collateral consequences that would produce the required practical effects. Even if, as NewSun asserts, PGE could be required to seek a waiver for its current contracts if the RFP is not valid, that would still not result in a different RFP process or different contracts for the resources at issue in this case. And, it is the RFP process used in this case for those resources that NewSun challenges with its petition.

Alternatively, NewSun requests that we address the merits of the case pursuant to our discretionary authority under ORS 14.175. That statute provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1)   The party had standing to commence the action;

"(2)   The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3)   The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

Here, the parties focus their arguments on the third prong of ORS 14.175. The focus of ORS 14.175(3) is "whether the general type or category of challenge at issue is likely to evade being fully litigated—including by appellate courts—in the future, not whether a specific case might avoid becoming moot through expedited consideration or some other mechanism[.]" *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 17, 376 P3d 288 (2016) (*Eastern Oregon Mining I*).

As to the third prong, NewSun asserts that utilities regularly file RFPs and that, once approved, the utility will quickly execute contracts and procure resources. Based on the timeline, compared to the length of judicial review, NewSun argues that review of a PUC order approving a utility RFP is likely to evade judicial review.

PGE, however, focuses on the substance of NewSun's arguments because the precise "policy or practice" challenged is PUC's compliance with HB 2021. As to this particular RFP, PGE asserts that its contracts will be subject to additional judicial review, because PGE's resource acquisition decisions resulting from the 2021 RFP will be part of a future cost recovery proceeding, in which PUC will issue a

final order on whether those acquisition decisions were reasonable. And, as to the more general "policy and practice" of PUC's implementation of HB 2021, that is currently the subject of a different PUC docket and a PUC final order from that docket will be subject to judicial review.

PGE's arguments on this prong miss the mark. When we are asking whether "[t]he challenged policy or practice, or similar acts, are likely to evade judicial review in the future," ORS 14.175(3), we are looking at the type of challenge at issue and not whether the specific legal issue may be addressed in a different type of challenge in a different case. *See Sarepta Therapeutics v. Oregon Health Authority*, 325 Or App 480, 484, 530 P3d 103, *rev den*, 371 Or 333 (2023) (rejecting an argument that a facial challenge to an administrative rule is not likely to evade review because the same arguments could be raised by an individual in an as-applied challenge). Here, NewSun challenges whether PUC is correctly applying HB 2021 in its approval of the design of utility RFPs. We agree that that type of challenge is likely to evade review because after RFP approval, the entire RFP process is likely to be completed before the approval can be fully litigated.

Nevertheless, this is not a case in which we will exercise our discretion to review an otherwise moot case. In determining whether to exercise our discretion, we consider, among other things, "the adversarial nature of the parties' interests, the effect of the decision on both the parties and others not before the court, judicial economy, and the extent of the public importance of the issues presented." *Eastern Oregon Mining II*, 285 Or App at 830.

NewSun argues that we should exercise our discretion to review this case because "whether [PUC's] orders approving a utility's RFP are reviewable is relevant to not only NewSun but also to independent power producers, developers, and the Oregon citizens that are the intended beneficiaries of HB 2021." NewSun also asserts that as regulated utilities must meet their HB 2021 obligations, it is likely that the RFP process will continue to be tested and that we should resolve the issue now. In response, PGE largely repeats the same arguments that it made with respect to

the third prong of the analysis in ORS 14.175. Although we rejected those arguments as not answering the question presented by ORS 14.175(3), we do consider those points to be well taken with respect to our exercise of discretion.

Returning to why this case qualifies for potential review under ORS 14.175, the "policy or practice" of PUC that is "capable of repetition" or "continu[ing] in effect" is its decision on how to implement HB 2021 in is orders approving RFPs. That policy or practice is part of the separate PUC docket specifically addressing implementation of HB 2021 and the parties have not suggested that a final order from that docket would not be subject to judicial review. Both judicial economy and the public importance of the issue persuade us that we should address the implementation of HB 2021 through the docket that PUC opened for that purpose.

Additionally, we do not think that whether PUC's approval order qualifies as a final order is the legal issue that justifies our review under ORS 14.175, nor do we perceive it as a recurring issue that justifies exercise of our discretion to decide the issue in this case. We do not think it is appropriate to exercise our discretion to review this otherwise moot case when it is doubtful that we could reach the legal issue—PUC's implementation of HB 2021—that would justify our exercise of that discretion.

Judicial review dismissed as moot.