642 May 13, 2026 No. 424

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JASON CAINE SEARLES,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A186168

Submitted April 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Petition for judicial review dismissed as moot.

**PER CURIAM**

In this judicial review of a final order of the Board of Parole and Post-Prison Supervision, petitioner assigns error to the board's imposition of a 90-day jail sanction, arguing that sanction violated OAR 213-011-004, the administrative rule governing the sanctions the board may impose. Petitioner acknowledges that his challenge is "probably moot" because his term of post-prison supervision (PPS) expired while this judicial review has been pending but requests that we review his claim pursuant to ORS 14.175, as an error capable of repetition but likely to evade judicial review. We conclude that petitioner's challenge is moot, decline to review his claim under ORS 14.175, and dismiss the petition for judicial review.

"[W]hen it becomes clear that resolving the merits of a claim will have no practical effect on the rights of the parties, an appellate court may dismiss [a case] as moot." *Dept. of Human Services v. P. D.*, 368 Or 627, 496 P3d 1029 (2021). However, under ORS 14.175, we have discretion to review a party's otherwise moot claim if we determine that:

"(1)   The party had standing to commence the action;

"(2)   The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3)   The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

ORS 14.175; *Couey v. Atkins*, 357 Or 460, 522, 355 P3d 866 (2015) (recognizing that ORS 14.175 "leaves it to the court to determine whether it is appropriate to adjudicate an otherwise moot case under the circumstances of each case"). "In determining whether to exercise our discretion, we consider, among other things, the adversarial nature of the parties' interests, the effect of the decision on both the parties and others not before the court, judicial economy, and the extent of the public importance of the issues presented." *NewSun Energy, LLC v. Public Utility Comm.*, 336 Or App 515, 522, 561 P3d 1135 (2024), *rev den*, 373 Or 815 (2025) (internal quotation marks omitted).

We conclude that the expiration of petitioner's PPS term renders his claim on judicial review moot, as a decision on that claim can no longer have any practical effect on his rights. Further, assuming without deciding that the board's decision that petitioner challenges satisfies the criteria in ORS 14.175, petitioner has not persuaded us that we should exercise our discretion to review his moot claim, and we decline to do so. Accordingly, we dismiss the petition for judicial review.

Petition for judicial review dismissed as moot.